RODOLFO J. VASQUEZ,

    Plaintiff,

v.

MOVING DUDES LLC,

    Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant Moving Dudes LLC's Motion to Set Aside Final Default Judgment, ECF No. [26] (the "Motion"). The Court has carefully considered the Motion, Plaintiff's Response, the relevant authority, and is otherwise duly advised. For the reasons that follow, the Motion is granted.

On March 13, 2019, Plaintiff initiated this lawsuit against Defendant. *See* ECF No. [1]. Defendant was served with the Complaint on March 22, 2019. *See* ECF No. [5]. On April 15, 2019, Plaintiff filed an Application for Clerk's Entry of Default, however the document's heading incorrectly named non-parties as Defendants, rather than Moving Dudes LLC. *See* ECF No. [7]. On April 23, 2019, Plaintiff filed a second Application for Clerk's Entry of Default, again incorrectly identifying the Defendant in the document's heading. *See* ECF No. [10]. On April 25, 2019, Plaintiff filed a notice striking the second Application for Clerk's Entry of Default, ECF No. [11], and filed a Corrected Application for Clerk's Entry of Default Against Moving Dudes LLC, ECF No. [12]. The Clerk entered a default against Moving Dudes LLC on April 25, 2019. ECF No. [13]. On June 5, 2019, Plaintiff filed a Motion for Default Judgment against Moving Dudes LLC. ECF No. [22]. The Court entered Default Judgment against Moving Dudes LLC on June 6, 2019. ECF No. [24].

The instant Motion requests that the Court vacate the default judgment pursuant to Federal Rule of Civil Procedure 60(b)(1). "It is the general rule that default judgments are ordinarily disfavored because cases should be decided upon their merits whenever reasonably possible." *Creative Tile Marketing, Inc. v. SICIS Intern.,* 922 F. Supp. 1534, 1536 (S.D. Fla. 1996). To establish mistake, inadvertence, or excusable neglect under Rule 60(b)(1), a defaulting party must show that: "(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." *Florida Physician's Ins. Co. v. Ehlers,* 8 F.3d 780, 783 (11th Cir. 1993). "With respect to the third element, 'a technical error or slight mistake' by a party's attorney should not deprive the party of an opportunity to present the merits of his claim." *Id.* (citing *Blois v. Friday,* 612 F.2d 938, 940 (5th Cir. 1980)). Here, the Court finds that Defendant's failure to respond to the Complaint amounts to mistake or excusable neglect.

First, Defendant contents that it has a meritorious defense because Plaintiff seeks reimbursement for fuel surcharges, mileage and a stipend rather than a minimum wage as required by the FLSA. The bar for stating a meritorious defense for Rule 60(b)(1) purposes is low: "the "likelihood of success is not the measure [; i]nstead, it is sufficient where a Defendant has provided by clear statements a 'hint of a suggestion' that his case has merit." *Rodriguez v. Brim's Food, Inc.,* 2013 WL 3147348, at *3 (S.D. Fla. June 19, 2013) (citations omitted); *see also Argoitia v. C & J Sons, LLC,* 2014 WL 1912011, at *2 (S.D. Fla. May 13, 2014) ("[T]he proper measure is whether Defendants have provided by 'clear statements' a 'hint of a suggestion' that their defenses have merit."). Certainly, Defendant has met the low bar of demonstrating a colorable argument.

Second, the Court cannot conclude that Plaintiff would be prejudiced by vacatur of the default judgment. Plaintiff contends that he would be forced to continue waiting for payment for the work he performed if the Motion were granted. However, under Rule 60(b), "simple delay is

insufficient for prejudice." *Coniglio v. Bank of Am., NA*, 638 F. App'x 972, 975 (11th Cir. 2016). Additionally, here, Defendant moved to set aside the default judgment just eight days after it was entered, upon obtaining counsel.

Third, Defendant must demonstrate that a good reason existed for failing to respond to the complaint. "[F]or purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Cheney v. Anchor Glass Container Corp.,* 71 F.3d 848, 850 (11th Cir.1996) (quoting *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 394 (1993)). Defendant contends that by filing documents with the Court naming incorrect parties, Plaintiff caused confusion and led to Defendant's failure to respond to the Complaint. The Court agrees that Defendant has demonstrated good reason for its failure to respond.

Accordingly, it is **ORDERED AND ADJUDGED** that

1. Defendant's Motion, **ECF No. [26]**, is **GRANTED**.

2. The Final Default Judgment, **ECF No. [24]**, is **VACATED.**

3. Defendant shall file its Response to Plaintiff's Complaint no later than **July 22, 2019**.

4. The Clerk of Court is directed to **RE-OPEN** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 15, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**