# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 19-cv-60663-BLOOM/Valle

RODOLFO J. VASQUEZ,

      Plaintiff,

v.

MOVING DUDES LLC,

      Defendant.

_____/

## <u>ORDER GRANTING MOTION FOR DEFAULT JUDGMENT</u>

**THIS CAUSE** is before the Court upon Plaintiff Rodolfo J. Vasquez's ("Plaintiff") Motion for Default Final Judgment, ECF No. [65] ("Motion"), filed on January 21, 2020. Plaintiff relies on the record in this case, an Affidavit by Plaintiff, the Declaration submitted by Plaintiff's Counsel, and an Affidavit of Time and Costs. Defendant Moving Dudes LLC ("Defendant"), a Florida Limited Liability Company, failed to comply with a Court Order, resulting in the striking of its Answer and a Clerk's Default being entered against Defendant pursuant to Federal Rule of Civil Procedure 55(a). ECF No. [62]. For reasons stated below, Plaintiff's Motion is granted.

## I. BACKGROUND

Plaintiff was employed as a CDL B Driver by Defendant from January 11, 2019, through on or about January 23, 2019. He earned $0.60 per mile driving on Defendant's behalf, fuel surcharge earnings, and a daily stipend of $25.00 per day of work. Defendant provides nationwide and cross-country relocation services, with annual gross sales and/or business volume of $500,000.00 or more.

Plaintiff was not paid for 3,961.8 miles of driving performed for the period starting on January 13, 2019, and ending on January 23, 2019. He was additionally not paid for his "fuel surcharge" earnings for transporting goods to West Virginia and his "fuel surcharge" earnings for transporting goods to Texas. Lastly, Plaintiff was not paid his daily stipend for eleven days of work. In total, Plaintiff is owed $3,428.46, plus liquidated damages.

On March 13, 2019, Plaintiff filed his Complaint against Defendant, ECF No. [1], seeking relief under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). On March 13, 2019, the Clerk issued a Summons in a Civil Case as to Defendant. ECF No. [3]. After Defendant failed to serve a responsive pleading within the time allotted under Federal Rule of Civil Procedure 12(a) and, upon Plaintiff's motion, this Court entered a Final Default Judgment against Defendant on June 6, 2019. ECF No. [24].

On June 14, 2019, Defendant filed a Notice of Attorney Appearance by Todd William Shulby. ECF No. [25]. Then, on June 14, 2019, by way of Defense Counsel, Defendant filed a Motion to Set Aside Final Default Judgment, ECF No. [26], which was granted by this Court on July 16, 2019, ECF No. [28]. On July 22, 2019, Defendant filed an Answer and Affirmative Defenses to the complaint. ECF No. [29].

Defense Counsel filed a Motion to Withdraw on December 5, 2019, ECF No. [58], which this Court granted on December 6, 2019, ordering that Defendant retain new counsel no later than December 19, 2019, ECF No. [59]. Upon Defendant's failure to retain new counsel, on December 20, 2019, this Court issued an Order directing Plaintiff to file a Motion for Entry of Clerk's Default, ECF No. [60], which Plaintiff filed on January 2, 2020, ECF No. [61]. Thereafter, on January 3, 2020, the Clerk of Court entered default against Defendant Moving Dudes LLC. ECF No. [62]. Further, on the same day, this Court ordered that Defendant's Answer, ECF No. [29], be stricken,

ECF No. [64]. Likewise, on January 3, 2020, the Court entered an Order on Default Judgment Procedure, indicating that Default Final Judgment would be entered against Defendant if Defendant failed to move to set aside the Clerk's Default. ECF No. [63]. To date, Defendant has not moved to set aside the Clerk's Default or filed any other paper in response to this Court's orders. Plaintiff filed the instant Motion on January 21, 2020. ECF No. [65].

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). *DirecTV, Inc. v. Griffin*, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. *See Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (citing *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. *Id*. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. *Id*.

## III. DISCUSSION

To establish a claim for unpaid wages under the FLSA, a plaintiff must show (1) that an employment relationship existed with the Defendant, (2) that the parties are covered by the FLSA, and (3) that some work was performed for which the plaintiff was not properly compensated, providing the amount of such liability at least by a just and reasonable inference. *Michaud v. U.S.*

*Steakhouse Bar & Grill, Inc.*, No. 6:04-cv-1371, 2007 WL 2572197, *3-4 (M.D. Fla. Sept. 5, 2007). Here, Plaintiff adequately establishes a claim for unpaid wages under the FLSA. He establishes that a binding agreement for employment was entered into between himself and Defendant, each party being covered by the FLSA. ECF No. [1] ¶¶ 3-6. Additionally, he provides a detailed breakdown of the amounts owed to him in unpaid wages during his employment with Defendant. ECF No. [1] ¶¶ 8-11.

## IV. DAMAGES

An employer who violates the FLSA is liable to the employee affected in the amount of his unpaid wages "and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). The FLSA additionally authorizes an award of attorney's fees to the prevailing plaintiff in a proceeding to enforce its wage provisions. *Id.* As delineated above, Plaintiff has properly established a claim for unpaid wages under the FLSA. As such, he is entitled to payment of his unpaid wages and an additional amount equal to said unpaid wages as liquidated damages. *See* 29 U.S.C. § 216(b). Under the FLSA, Plaintiff is also entitled to an award of attorney's fees and costs as the prevailing party. *Id.* Specifically, Plaintiff is entitled to (a) an award of $3,428.46 in unpaid wages; (b) an equal award of $3,428.46 in liquidated damages; and (c) an award of $18,130.00 in reasonable attorney's fees and costs.

## V. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Default Final Judgment, **ECF No. [65]**, is **GRANTED**.

2. Pursuant to Federal Rule of Civil Procedure 58, the Court will separately enter Default Final Judgment.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 27, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

MOVING DUDES LLC
C/O JASON PRICE
1500 Powerline Road, Unit C
Deerfield Beach, FL 33442